**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**EUGENE A. SULLIVAN,**

                    **Plaintiff,**

**-vs-**                                                       **Case No. 6:10-cv-1762-Orl-28DAB**

**MAGIC CITY DOUGHNUT CORP.,**

                    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR RENEWED ENTRY OF JUDGMENT AFTER DEFAULT (Doc. No. 21)**
>
> **FILED:** June 17, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part** and **DENIED, in part**.

The Complaint filed in this matter purports to allege a claim pursuant to the Fair Labor Standards Act ("FLSA") and pendant state law claims (Doc. No. 1). Plaintiff originally filed the Complaint in the Jacksonville division of this Court and, following issuance of an Order to Show Cause, Plaintiff conceded that the case was intended to be filed in Orlando, and the case was transferred (Doc. Nos. 3-6). Defendant was served but did not respond to the Complaint. A Clerk's default was entered (Doc. No. 18), and Plaintiff moved for entry of default judgment (Doc. No. 19). Finding that Plaintiff did not meet the standard for entry of a default judgment, the motion was denied (Doc. No. 20). Plaintiff files the instant motion, renewing his request for entry of judgment. For the

reasons set forth herein, it is **respectfully recommended** that the motion be granted, in part and denied, in part.

*The Standard of Review*

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.' " *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc*., 2009 WL 4349806, 5 (M. D. Fla. 2009).

*Analysis*

In the current motion, Plaintiff seeks an award of $419.75 in unpaid minimum wages and an additional $419.75 in liquidated damages. Additionally, Plaintiff's counsel seeks an award of

attorney's fees and costs in the amount of $5,446.25.   The evidence before the Court supporting this request consists of the Complaint, Plaintiff's Affidavit attached to the motion, and counsel's Unsworn Declaration with attached time sheets.  Under the applicable standard, Plaintiff has not shown that it is entitled to all of the relief he seeks.

In the verified Complaint (Doc. No. 1), Plaintiff alleges that he worked for Defendant from August 18, 2009 to August 24, 2009, training as a route driver.  Plaintiff alleges that Defendant had employees engaged in commerce and "upon information and belief" had revenue in excess of $500,000.00 per annum (Allegations 6-9).  Plaintiff alleges that the parties "entered into an agreement whereby Plaintiff was to be compensated at a rate of $6.00 per hour" (Allegation 33), and that he was not paid the full wages owed in violation of the agreement.  Plaintiff asserts that he has suffered damages "[b]y reason of the intentional, willful and unlawful acts of Defendant" and sues for violation of the FLSA minimum wage requirement, and for breach of contract.

In Affidavit attached to the motion, Plaintiff avers that he  "worked 91 hours during the one (1) week I worked" and during that week, he worked "seven (7) days, thirteen (13) hours per day." (Doc. No. 21-1).  He further states that Defendant paid him $240, and he is still owed $419.75 in unpaid minimum wages.  *Id.*  Plaintiff avers that Defendant "never expressed to me a 'good faith basis' for not paying me the minimum wage and/or paying me at all for the hours I worked." *Id.*

Section 206(b) of the FLSA provides that "[e]very employer shall pay to each of his employees ... who in any work week is engaged in commerce or in the production of goods for commerce ... not less than the minimum wage rate...." 29 U.S.C. § 206(b).  To recover under this section, Plaintiff must demonstrate (1) that there existed an employer-employee relationship between Plaintiff and Defendant during the relevant time period, (2) that either Plaintiff's work activities or Defendant's business operations were engaged in interstate commerce, and (3) that they worked compensable hours for which they were not paid minimum wages when due. *See Foster v. Angels*

-3-

*Outreach, LLC,* 2007 WL 4468717, 2 (M.D. Ala., Dec. 17, 2007); Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1.

Plaintiff has alleged that he was employed by Defendant for a week in 2009, thus meeting the first requirement. Although the Court does not accept the bare allegation that "upon information and belief" Defendant is an "enterprise" under FLSA, FLSA covers employees both individually and through their employers, and employees who engage in commerce are individually covered by FLSA regardless of whether their employer is a covered enterprise. *Zorich v. Long Beach Fire Department and Ambulance Service, Inc.,* 118 F.3d 682 (9th Cir. 1997). Plaintiff has adequately met the second requirement by alleging that he was engaged in commerce, training as a route driver (Doc. No. 1).

A more difficult issue is presented as to the final element: proof of damages. The Court notes that the only evidence presented as to damages is Plaintiff's affidavit that he worked a fantastical 91 hours a week. As noted in the prior Order, the Court is hard-pressed to credit this assertion. However, as no response to the motion has been filed by the defaulted Defendant and these amounts are therefore unchallenged, the Court reluctantly accepts this showing as the best (and only) evidence available to calculate damages. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) (under certain circumstances, allowing damages as a matter of just and reasonable inference). Similarly, the Complaint alleges that the failure to pay overtime was willful (Doc. No. 1), thus supporting the award of liquidated damages under FLSA, as no contrary evidence is presented. *See Hines v. Detail Dynamics, Inc.,* 2011 WL 1060985, 4 (M.D. Fla., March 1, 2011). Absent any response to the Complaint or the two motions for default judgment, the Court concludes (albeit reluctantly) that Plaintiff has shown entitlement to entry of judgment with respect to the amount of unpaid minimum wages and liquidated damages.[1] The Court cannot, however, recommend the attorney's fee award requested here.

---

[1] As Plaintiff has presented no evidence or argument with respect to any claim of breach of contract or collective action, the Court deems these claims to be abandoned.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). As is clear, Plaintiff, the prevailing party, is entitled to a *reasonable* attorney's fee. The amount requested here, however: $5,040.00 in fees (calculated at 14.4 hours at a $350 hourly rate) and $406.25 in costs (including 125 unspecified copies at 25 cents a copy) - is unreasonable, as a matter of law.

In calculating a reasonable fee, the Court applies the familiar lodestar analysis. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1292 (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence

of reasonable rates. *Norman*, 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed. 2d 40 (1983).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Applied here, counsel states in an unsworn declaration that his current rate of $350 per hour is "within the range of the prevailing market rates for fee awards in cases of this type" (Doc. No. 21-2).  It is not.  In fact, Mr. Shulby, who regularly litigates in this district, fails to cite a single case where he was awarded such a rate for prosecuting an FLSA action on default.[2]  Absent any information as to his qualifications or experience in FLSA actions, and in view of the quality of the work evident in this matter (including filing the Complaint in the wrong division, filing a patently defective Affidavit, and the numerous errors inherent in the prior motion for entry of default judgment), the Court finds no support for such a rate.

Further, the itemization of hours incurred is unreasonable on its face.  The billing includes excessive or duplicative time (including an inordinate amount of "review" time), time for tasks that have no apparent connection to this matter (including, for example, time to review corporate records of "Frank Crum 4, Inc.," and time for "case management re: answer; case management conference; Case Management Report" – none of which occurred in this default case), and time for matters that are not properly compensable (including time for purely clerical and ministerial tasks).  The Court

---

[2]The Court notes recent cases in this district have awarded Mr. Shulby significantly *less* than $350 per hour, in other contexts. *See Raetano v. M. Russell, LLC,* 2010 WL 3259434 (M.D. Fla. 2010) ($300 per hour in ADA case); *Raetano v. Bursynski*, 2009 WL 691921 (M.D. Fla. 2009) (same); *Raetano v. GGK, LLC*, 2008 WL 2025292 (M.D. Fla. 2008) (same). Indeed, Mr. Shulby claimed a rate of $300 per hour in Court filings as recently as April 2011. *See Raetano v. Louida Corp.,* Case No. 8: 10-cv-1077, Doc. No. 23-1. Thus, Shulby claims one rate for services before one division and another rate for services *performed during the same time period* in this division. There is no explanation offered as to why his claimed rate has conveniently increased for this case. To the extent counsel sees a default as an opportunity to obtain a greater fee than would normally be due, he is **admonished.**

finds no support for concluding that 14.4 hours is reasonably required to prosecute a form complaint FLSA action against a defaulting defendant, with no discovery, no contested motion practice, no hearings or mediation, and no trial.

As counsel has not met his burden of establishing a reasonable fee, the Court uses its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services in this matter. *Norman, supra,* 836 F.2d 1303. The Court has considered the *Johnson* factors, to the extent the record includes evidence of same, and finds an award of $1,000.00 to be reasonable under the circumstances. As for costs, there is no showing as to the 125 photocopies claimed. The Court's docket is electronic, and there is no discovery propounded or produced and no documentary evidence introduced in paper form (or otherwise) in support of the claim. Absent any itemization as to the copies, or any showing as to the reasonableness of the claimed per page amount, the Court rejects this cost, in total. Plaintiff is entitled to the filing fee and the cost of service of process, and nothing further.

It is therefore **respectfully recommended** that the motion be granted, in part and denied, in part, and that the Court enter judgment for Plaintiff and against Defendant in the amount of **$419.75** in unpaid minimum wages, **$419.75** in liquidated damages, **$1,000.00** in attorney's fees, and **$375.00** in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 19, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy